UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

APR - 3 2023

RECEIVED

MAR 29 2023
DISTRICT OF COLUMBIA
COURT OF APPEALS

```
UNITED STATES COURT OF APPEALS
    FOR THE DISTRIT OF COLUMBIA

Richard Orville, Torp            )
    Appellant/Plaintiff          )
                                 )
            v.                   )    Notice of Appeal)
                                 )
United States Postal System      )
Postal Regulatory Commission     )
    Appellee/Defendants
```

## Notice of Appeal

Appeal for Postal Regulatory Commission cases number PRC 9401.

**COURT ACTION CAUSING APPEAL**

Notice is hereby given that Richard Orville, Torp, Appellant/Plaintiff hereby appeals to the United States Court of Appeals for the District of Columbia, hereafter Court, because of a letter dated February 24, 2023, which does not appear to be a final decision by the Postal Regulatory Commission, hereafter Appellee or PRC for clarification of specific agency action, or an order by the Appellee. A letter has been provided by the United States Postal Service, hereafter USPS, but no document identified as a final decision or a document identified as an order has been provided by the PRC deciding or dismissing Plaintiff case. Therefore Plaintiff needs to file this Notice of Appeal with the Court to obtain a review or order to determine what actions or final decision or order has been issued by the PRC for PRC case number 9401.

**FACTS**

1. Appellant/Plaintiff, hereafter Appellant, mailed a complaint per Title 39 United States Code, hereafter USC, 3662 on January 31, 2023, to Appellee per certified mail number 7017 0660 0000 9360 0236 with return receipt requested [PS Form 3811].

2. The complaint was received by a Mary Hanks but the return receipt [PS Form 3811] was not dated for the date of reception.

3. USPS confirmed the reception date of the complaint by certified mail as February 6, 2023.

4. USPS provided a letter dated February 24, 2023 from Manager Consumers Affairs, Michigan 2 District, Nicolas R Benrey, P.O. Box 999631, Grand Rapids, MI 49599, CC to PRC.

5. PRC has not responded with a document identified as a final decision per 39 USC 3662.

6. PRC has not responded with a document identified as an order per 39 USC 3662.

7. Appellee may not meet what constitutes "proceedings" requirements of 39 USC 3662(b)(1)(A)(i)

    "upon a finding that such complaint raises material issues of fact or law, begin proceedings on such complaint; or".

8. Appellee does not meet the requirements of 39 USC 3662(b)(1)(A)(ii)

"issue an order dismissing the complaint; and".

9. Appellee does not meet the requirements of 39 USC 3662(b)(1)(B)

   "with respect to any action taken under subparagraph (A)(i) or (ii), issue a written statement setting forth the bases of its determination.".

10. The PRC has not issued a written statement setting forth the basis of its [PRC] determination.

11. Appellant disputes much of the information in the letter provided by USPS.

12. The letter provided by USPS is not an answer to the complaint by the PRC.

13. The letter provided by USPS is not authored by the PRC.

14. Appellant will challenge the information provided in the USPS letter which does not admit or deny the facts identified in the complaint to the PRC.

**QUESTIONS**

15. Was Appellant complaint justified per 39 USC 3662(c), if so where is the order to the USPS to take an action?

16. What actions did the PRC order the USPS to take?

17. Has the Appellee determined and issued a final decision by a document stating such?

18. Has the Appellee determined and issued an order to dismiss the complaint by a document stating such?

19. Does Appellant have standing [ACORN v. Fowler, 178 F.3d 350, 362 (5th Cir. 1999) (quoting Lujan, 504 U.S. at 560)] to bring this appeal when no documentation is available identifying that a final decision or order to dismiss has been reached by Appellee?

20. Can the USPS force Appellant to use an assigned location for reception of mail that is regulated by USPS and requires cost to install and maintain by Appellant? See National Federation of Independent Business v. Sebelius 567 U.S. 519, 647 (2012).

21. Can USPS deny Appellant use of a free delivery location [general delivery] that has been available for mail reception since the postal system was created by the Constitution?

22. Can USPS deny Appellant use of a free delivery location [general delivery] when Appellant has not violated any rules, regulations or laws?

23. Is a free delivery location, paid for by the postal customer paying to have a mailing delivered to a free delivery location, unlawful or illegal per USPS rules, regulations or laws?

24. Is a postal customer, paying by stamp and having an implied contract to deliver, denied by USPS rules, regulations or

laws to have a mailing delivered to a free delivery location [general delivery]?

25. Is a free delivery location at a post office for Appellant a benefit provided by and for the postal customer paying for mail to be sent and delivered to a free delivery location [general delivery]?

26. Can the USPS deny use of a free delivery location by Appellant when a postal customer pays to have a mailing delivered to a free delivery location?

27. Why should Appellant be forced to pay for and maintain a mail delivery location when a free delivery location [general delivery provided as the original delivery of mail when the Post Office system was created] is available?

28. Can the USPS force Appellant into a regulated commercial mail reception system verse a free mail reception system? See National Federation of Independent Business v. Sebelius 567 U.S. 519, 647 (2012) where rules, regulations or laws cannot force Appellant into a commercial activity.

**REASON APPEAL SHOULD BE ALLOWED**

29. Rules, regulations and laws are created under the authority and control of the Constitution with the intent and duty to guarantee protections to people and artificial entities in a fair and equitable manner.

30. Appellee appears to have failed to meet the response requirements of 39 USC 3662(b).

31. The alleged response per 39 USC 3662(c) is a general response, with form letter paragraphs, which fails to admit or deny any of the facts in the complaint.

32. Appellee/USPS by **denying** Appellant use of general delivery **forced** Appellant to use a physical address as the USPS letter states [first page third paragraph] Appellant has a "permanent location with a physical address". If Appellant did not use a physical address there could be no communication by mail with the Appellee because general delivery was denied.

33. Appellee fails to recognize and identify that the "permanent location with a physical address" was because of actions taken by Appellee to force Appellant to use a "permanent location with a physical address" to use the mail system to communicate with Appellee.

34. Appellant had no recourse to receive mail addressed to a free delivery location after thirty (30) days, from February 3, 2021, after which the mail was destroyed instead of being returned to the sender.

35. The use of the mailing system is practically a Right [more than Roe v. Wade, 410 U.S. 113 (1973)] created and identified in the Constitution, as the importance of a

postal system was recognized at Article 1, Section 8, Clause 7, and denying access to the mailing system by stopping Appellant the use of the postal system free general delivery denies Appellant interaction and communication with other people, interaction and enjoyment of commerce and interaction and communication with local, state and federal governments.

### DESIRED OUTCOME of this APPEAL

36. Appellant requests the Court accept this appeal per 39 USC 3663 for PRC case number 9401 that Appellant was adversely affected or aggrieved by a final order or decision of the Postal Regulatory Commission failing to respond to the complaint by admitting or denying the facts identified in the complaint.

37. Appellant requests the Court accept this appeal per 39 USC 3663 that PRC case number 9401 that Appellant was adversely affected or aggrieved by a final order or decision of the Postal Regulatory Commission to respond with full disclosure of the situation and actions complained of by Appellant. See Contender Farms, LLP v. USDA, 779 F.3d 258, 264, 266 (5th Cir. 2015) "[a]n increased regulatory burden typically satisfies the injury in fact requirement," and because the Fifth Circuit found that "Causation and redressability then flow naturally from" "the type of

injury alleged, the plaintiffs satisfied Article III standing."

38. Determine if the Appellee has complied with the requirements of 39 USC 3662.

39. Require Appellee to admit or deny facts in Appellant complaint.

40. Determine if decisions and actions by Appellee/USPS were arbitrary and/or capricious.

41. Determine if decisions and actions by Appellee/USPS were an abuse of discretion and/or an excess in discretion.

42. Restore general delivery to Appellant.

43. Award such other and further relief as the Court deems equitable and just.

44. This action is only for Plaintiff and not for spouse.

45. This appeal has been filed in a timely manner as Appellant is not certain that PRC case 9401 has a final decision or an order to dismiss as required by 39 USC 3662.

Respectfully submitted,

*Richard Orville, Torp*
Richard Orville, Torp
Appellant/Plaintiff
18477 72nd Street
South Haven, MI 49090
269-637-6506
Dated 03/20/2023
7020 2450 0001 3081 2076


**UNITED STATES**
**POSTAL SERVICE**

February 24, 2023

Richard Orville, Torp
18477 72nd Street
South Haven, MI 49090

SUBJECT: Postal Regulatory Commission Complaint PRC #9401

Dear Mr. Orville Torp,

This letter is in response to your recent correspondence to the Postal Regulatory Commission. Your concerns have been referred to the Michigan 2 District office for research and response.

The Michigan 2 District Consumer Affairs researched your concerns and determined that although a prior Postmaster approved your general delivery request in 2009 the Domestic Mail Manual (DMM) 508.6 states; general delivery is intended primarily as a temporary means of delivery for transients and customers not permanently located, or for customers who want PO Box service when boxes are unavailable. General delivery is temporary and not intended as a permanent means of delivery.

It has been determined you resides at a permanent location with a physical address in South Haven, MI 49090. Additionally, delivery of mail without charge to the recipient is available to all Postal customers, where residential delivery service is authorized, it is provided by means of city carriers, rural carriers, and highway contractors. Residential carrier delivery service is available for your address. If a customer is eligible for carrier delivery at a residence or business, postmasters are to refuse a request for general delivery. Therefore, as stated in our response to the Congressional Inquiry you submitted on March 16, 2022, we stand by the South Haven Postmaster's, Melissa Filip, determination to discontinue general delivery for you. In the event that you wish to receive free mail delivery, you may install a mailbox in a location approved by the Postmaster.

Postal Operations Manual (POM) 632 states appropriate mail receptacles must be provided for the receipt of mail. The type of mail receptacle depends on the mode of delivery in place. Purchase, installation, and maintenance of mail receptacles are the responsibility of the customer. Appropriate locations for installation are to be verified with the local Postmasters.

Regarding your concerns with the renting of a box at a Commercial Mail Receiving Agency (CMRA), the South Haven Post Office performed a verification of your PS Form 1583 and determined your application does not comply with applicable standards for the delivery of mail through agent. Specifically, you failed to list a valid home and business address where you reside or conduct business. It is important to note that listing the South Haven Post Office physical address does not satisfy the minimum requirements.

I feel it is important to mention the Postal Service's provision of delivery services constitutes a sovereign function, unbounded by contract law, and the terms and conditions of respective

Manager Consumer Affairs
Michigan 2 District



delivery options are prescribed by postal regulations, which have the force and effect of law. (See, e.g., 39 C.F.R. §§ 111.1 and 211.2)  Further, many courts have held that Postal Service decisions regarding how best to provide delivery service are not reviewable by a judge since the intent of Congress when creating the Postal Service was to foreclose such judicial second guessing; the Postal Service is accordingly obliged to make reasoned decisions as to how best to provide delivery service efficiently to all customers across the nation. Any customer interested in sending or receiving mail is accordingly obliged to abide by the broad standards that result.

Thank you for the opportunity to address this matter with you. Should you have any further questions, you may contact Ms. Filip directly at (269) 214-3034.

Sincerely,

Nicolas R. Benrey


Cc:    PRC
       Consumer Affairs
       File

P.O. Box 999631
Grand Rapids, MI 49599-9631

```
                UNITED STATES COURT OF APPEALS
                 FOR THE DISTRIT OF COLUMBIA
```

Richard Orville, Torp            )
    Appellant/Plaintiff         )
           v.               )
                            Notice of Appeal
United States Postal Service     )
Postal Regulatory Commission     )
    Appellee/Defendants

## Certificate of Service

    Proof of Service for **NOTICE OF APPEAL** for Postal Regulatory Commission case number 9401.

Richard Orville, Torp certifies under penalty of perjury that on March 20, 2023 caused to be mailed,

1.    The original and a true copy of Appellant/Plaintiff **NOTICE OF APPEAL** for Postal Regulatory Commission case number 9401 was served on the Clerk for the United States Court of Appeals for the District of Columbia, 430 E Street NW, Room 115, Washington DC 20001 via Certified Mail Number 7020 2450 0001 3081 2076.

2.    A true copy of the Appellant/Plaintiff **NOTICE OF APPEAL** for Postal Regulatory Commission case number 9401 was served on United States Postal Service Postal Regulatory Commission, 901 New York Avenue NW, Suite 200, Washington, DC 20268 via first class mail.

                                                */s/ Richard Orville, Torp*
                                                _____
                                                Richard Orville, Torp
                                                Plaintiff
                                                03/20/2023

Richard Orville, Torp
18477 72nd Street
South Haven
Michigan 49090

**CERTIFIED MAIL**
7020 2450 0001 3081 2076

U.S. POSTAGE PAID
FCM LG ENV
SOUTH HAVEN, MI
49090
MAR 20, 23
AMOUNT
**$9.72**
R2303S103308-88

RECEIVED MAR 24 2023 DISTRICT OF COLUMBIA COURT OF APPEALS

Clerk for the United States Court of Appeals for the District of Columbia
430 E Street Room 115
Washington DC 20001

DISTRICT OF COLUMBIA COURT OF APPEALS
430 E. STREET, N.W.
WASHINGTON DC 20001

OFFICIAL BUSINESS

US Court of Appeals for the District of Columbia
333 Constitution Avenue, NW
Fifth Floor
Washington, DC 20001