IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

Richard Orville Torp,

                            Petitioner,

        v.                                              No. 23-1093

Postal Regulatory Commission,

                            Respondent.

## RESPONDENT'S MOTION TO DISMISS

Respondent Postal Regulatory Commission respectfully moves to dismiss the petition for review for lack of appellate jurisdiction. The governing statute permits a petitioner to seek review in this Court only "after" the Commission issues a "final order or decision." 39 U.S.C. § 3663. In this case, however, petitioner requested review before the Commission took any action in the underlying administrative proceedings, let alone issued a final order. The petition should therefore be dismissed as premature.

## BACKGROUND

**1.** The Postal Regulatory Commission is an independent regulatory agency within the Executive Branch of the United States. *See* 39 U.S.C. § 501 *et seq.* Among the functions assigned to the Commission by Congress is the authority to adjudicate certain types of administrative complaints involving the United States Postal Service. *See* 39 U.S.C. § 3662. "Any interested person . . . who believes the Postal Service is not operating in conformance with [specified statutory] requirements . . . may lodge a complaint with the Postal Regulatory Commission in such form and manner as the Commission may prescribe." *Id.*

Upon receipt of a complaint, the Commission determines whether it "raises material issues of fact or law," and if so, commences further proceedings. 39 U.S.C. § 3662(b)(1)(A)(i). Otherwise, the Commission issues an order dismissing the complaint. *Id.* § 3662(b)(1)(A)(ii). A person aggrieved "by a final order or decision" of the Commission "may, within 30 days after such order or decision becomes final," seek judicial review in this Court. *Id.* § 3663.

**2.** Petitioner Richard Orville Torp challenges the United States Postal Service's decision to discontinue his general delivery mail service.[1] *See* Pet. 4. Petitioner initially sued the Postal Service in the United States District Court for the Western District of Michigan, but the court determined that the Commission retains exclusive jurisdiction over his claims, *see Torp v. United* States, No. 21-cv-147, slip. op at 2 (W.D. Mich. Apr. 8, 2021), and the Sixth Circuit affirmed in an unpublished order, *see Torp v. United States*, No. 21-1422, slip op. at 4 (6th Cir. Jan 31, 2022).

Petitioner then submitted an administrative complaint to the Commission. *See Torp v. United States Postal Service*, Case No. C2023-2, https://www.prc.gov/dockets/doclist/C2023-2/. Less than a month after the Commission received the complaint, and before the Commission had taken any action, petitioner filed the pending petition for review in this Court. *Compare* Pet. 2 (noting that the Commission received the complaint on February 6, 2023), *with id.* at 1 (reflecting

---

[1] "General delivery service permits a person to receive mail addressed merely to his or her name." *Currier v. Potter*, 379 F.3d 716, 722 (9th Cir. 2004). Instead of bringing mail to the person's home or business address, the Postal Service holds general delivery mail "for pickup at a designated post office." *Id.*

that this Court docketed the petition on April 3, 2023).  The petition does not identify any Commission action with which petitioner takes issue and acknowledges that the Commission has published "no document identified as a final decision."  Pet. 1.

A few weeks after petitioner filed the petition for review, the Postal Service moved to dismiss his complaint before the Commission, and the Commission dismissed the complaint without prejudice.  *See Torp v. United States Postal Service*, Case No. C2023-2, Order Granting Motion to Dismiss (May 3, 2023).  The Commission explained that petitioner failed to satisfy multiple requirements for Commission review, including: (1) meeting and conferring with the Postal Service's General Counsel, *see id.* at 6 (citing 39 C.F.R. § 3022.10(a)(9)); (2)certifying that the Postal Service has been properly served, *see id.* at 7 (citing 39 C.F.R. § 3022.10(a)(1)); and (3) "specifically identify[ing] the nexus" between the facts alleged and the Postal Service's statutory obligations, *id.* at 9.  The Commission stated, however, that it "ma[de] no finding on the merits or veracity of the allegations set forth in the Complaint" and accordingly dismissed the complaint without prejudice.

*Id.* at 9.  As of the date of this filing, the Commission has not received an amended complaint from petitioner.

## ARGUMENT

Congress authorized judicial review only with respect to petitions filed "within 30 days after" the Postal Regulatory Commission enters "a final order or decision."  39 U.S.C. 3663.  The pending petition does not satisfy those statutory requirements:  Petitioner filed it before the Commission took any action in the underlying administrative proceedings, and even if petitioner had waited until the Commission issued the without-prejudice dismissal order, that order would not constitute a final order supporting judicial review.

The petition for review is untimely.  The governing statute permits judicial review only of petitions submitted "after" the Commission issues a final order, 39 U.S.C. § 3663, and this Court has interpreted analogous provisions as requiring the dismissal of petitions filed "sooner than the trigger date," *Pub. Citizen v. Nuclear Regul. Comm'n*, 845 F.2d 1105, 1109 (D.C. Cir. 1988); *see W. Union Tel. Co. v. FCC*, 773 F.2d 375, 377-78 (D.C. Cir. 1985) (collecting examples).  As petitioner acknowledges (Pet. 1-2), he submitted the pending petition

before the Commission took any action that could be construed as a "final order or decision." Thus, the petition is premature and must be dismissed.

The same result would obtain even if petitioner had requested review after the Commission dismissed his complaint without prejudice. To qualify as final, an agency action must both "mark the 'consummation' of the agency's decisionmaking process" and "be one by which 'rights or obligations have been determined,' or from which 'legal consequences will flow.'" *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997) (citations omitted). Neither prerequisite is present here. Because the without-prejudice dismissal order leaves petitioner "free to amend his pleading and continue the litigation," *Ciralsky v. CIA*, 355 F.3d 661, 666 (D.C. Cir. 2004), it does not represent the "consummation" of the Commission's review, *Bennett*, 520 U.S. at 178. And far from carrying "legal consequences," *id.*, the order expressly states that the Commission has made "no finding on the merits or veracity of the allegations set forth in the complaint," Order 9. It follows that the Commission has not entered a "final order or decision" supporting judicial review under 39 U.S.C. 3663.

**CONCLUSION**

For the foregoing reasons, the Court should dismiss the petition

for review.

Respectfully submitted,

MICHAEL S. RAAB

s/ *Steven H. Hazel*

STEVEN H. HAZEL
  (202) 514-2498
Attorneys
Civil Division, Appellate Staff
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Room 7217
Washington, D.C.  20530

May 2023

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2) because it contains 1,029 words.  This motion also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Microsoft Word 2016 in Century Schoolbook 14-point font, a proportionally spaced typeface.

*/s/ Steven H. Hazel*
STEVEN H. HAZEL

**CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2023, I electronically filed the foregoing motion with the Clerk of the Court by using the appellate CM/ECF system. Service will be accomplished by the appellate CM/ECF system, except for the following, who will be served via mail at the following addresses:

Richard Orville Torp
18477 72nd Street
South Haven, MI 49090

s/ *Steven H. Hazel*
STEVEN H. HAZEL

## <u>ADDENDUM</u>

**A. Certificate of Parties, Rulings, and Related Cases**

**B. Postal Regulatory Commission, Order Granting Motion to Dismiss**

# ADDENDUM A:  Certificate of Parties, Rulings, and Related Cases

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

Richard Orville Torp

                                    Petitioner,

          v.                                                    No. 23-1093

Postal Regulatory Commission

                                    Respondent.

**CERTIFICATE OF PARTIES, RULINGS, AND RELATED CASES**

**A.    Parties and Amici**

This is a petition for review of administrative proceedings before the Postal Regulatory Commission.  The petitioner is Richard Orville Torp.  The respondent is the Postal Regulatory Commission.  There are no amici or intervenors.

**B.    Rulings Under Review**

As discussed in the accompanying motion to dismiss, petitioner has not identified any order of the Commission for which he seeks review.  There were no prior proceedings in district court.

## C.    Related Cases

This case has not previously been before this Court.  Petitioner brought a related suit against the United States Postal Service in the United States District Court for the Western District of Michigan.  That court dismissed the suit, *see Torp v. United* States, No. 21-cv-147, slip. op at 2 (W.D. Mich. Apr. 8, 2021), and the Sixth Circuit affirmed, *see Torp v. United States*, No. 21-1422, slip op. at 4 (6th Cir. Jan 31, 2022).  Counsel for the Commission are unaware of any other related cases within the meaning of D.C. Circuit Rule 28(a)(1)(C).

Respectfully submitted,

MICHAEL S. RAAB

s/ *Steven H. Hazel*

STEVEN H. HAZEL
  (202) 514-2498
Attorneys
Civil Division, Appellate Staff
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Room 7217
Washington, D.C. 20530

**ADDENDUM B:  Postal Regulatory Commission, Order Granting Motion to Dismiss** (filed as a separate CM/ECF attachment)